MARIA C. CACCAMO'S (dependent's) CASE.

Suffolk.    May 2, 1944. — June 2, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies;  Procedure: appeal.  *Proximate Cause.*  *Evidence*, Opinion: expert;  Matter of conjecture;  Hospital record.  *Error*, Whether error harmful.

A finding that death of an employee resulted from a personal injury arising out of and in the course of her employment within the provisions of the workmen's compensation act was warranted by evidence that the employee in going to a washroom for a pail of water walked along a passageway bordered by trucks and slipped on a spot of water or oil, striking her head against one of the trucks and causing a cerebral hemorrhage later resulting in her death.

Testimony by a physician in cross-examination that, in the absence of an autopsy of a deceased patient and with a history of weakened blood vessels, an opinion, given by him in direct examination, that a fall of his patient caused a rupture of a blood vessel in the brain, would rest upon "speculation and possibility," might be found, in view of his other testimony, to mean that, after getting a history of the accident and making every possible examination of the patient, who was unable to talk, he formulated an opinion which was a reasoned conclusion derived from observed facts.

Medical testimony, hospital records and a death certificate respecting a head injury suffered in a fall warranted a finding that death of the injured person resulted from a cerebral hemorrhage caused by the fall.

In a workmen's compensation case involving an issue whether the employee's death was due to a fall in which she struck her head, there was no error in admitting in evidence a hospital record containing a diagnosis of her condition as "Cerebral hemorrhage (traumatic in origin)."

Error in the admission in evidence of a portion of a hospital record purporting to state the cause of a fall of a patient suffering as the result of the fall, was held to be too unsubstantial to constitute adequate ground for reversal of a final decree in a proceeding under the workmen's compensation act in view of testimony of an eyewitness and other testimony as to the fall.

CERTIFICATION to the Superior Court of a decision, of the Industrial Accident Board awarding compensation under the workmen's compensation act.

The employee's physician testified on direct examina-

tion before the single member of the board that he attended the employee after she had been admitted to a hospital; that in his opinion she died of a cerebral hemorrhage which "was the result of a rupturing of a blood vessel in the base of the brain which may have been weakened by either arteriosclerosis or by some other form of disease and ruptured by trauma as a result of a fall"; that he "had a history of a fall in this case"; and that "the fall was a causal factor in breaking through the blood vessel in the brain causing the cerebral hemorrhage." On cross-examination he testified that, "taking all the facts into consideration," "without autopsy and with weakened blood vessels," "his final opinion" had "to be based on speculation and possibility." A portion of his redirect examination was as follows: "Q. Is this speculation and possibility on which you are forming your judgment in this case the same speculation and possibility that you use in forming opinions and coming to conclusions in diagnosing all of your clients? A. Yes. — Q. Will you now define, Doctor, the interpretation that you give to the words 'speculation' and 'possibility'? A. Well, I'm . . . making a physical examination of a patient who is unable to answer any questions. I get a history of an accident. I make certain examinations — all the possible examinations I can possibly make from a scientific point of view. I've got to take all those facts and correlate them and formulate an opinion and that's what I arrive at as my opinion. — Q. On this particular case? A. Yes." A portion of his recross-examination was as follows: "Q. And, in this particular case, Doctor, the reason you use possibility, speculation and surmise as basis of your final opinion is because you have certain facts here that are puzzling because of the absence of autopsy because of the preëxisting condition of those veins caused by the extensive arteriosclerosis and other factors; that's why you have to use the word speculation and possibility in this case whereas in other cases where the probability is evidenced you don't need to use it. A. That's right. — Q. That is the proper explanation, is it not, of the use of the word speculation and possibility as the basis of forming

your final opinion in this case; that's fair, is it not? A. Yes; I should say that's fair."

A final decree for the claimant was entered by order of *Forte,* J. The insurer appealed.

*J. G. Leonard,* (*A. E. Quimby* with him,) for the insurer.

*R. A. A. Comparone,* for the claimant.

RONAN, J. This is an appeal from a final decree awarding compensation to the husband of the employee whose death was found to have resulted from a personal injury arising out of and in the course of her employment.

There was evidence that the employee on July 3, 1942, while at work walking along a passageway leading to a wash room, fell and struck her head against one of the trucks which were located on either side of the passageway, picked herself up and walked dizzily to a box upon which she sat holding on to her head on which there was an abrasion. She was taken to a hospital where she remained until July 24, 1942, when she was taken to a Boston hospital where she died on August 14, 1942. The record of the first hospital showed that the employee's condition was diagnosed as "Cerebral hemorrhage (traumatic in origin)," and the record of the second hospital gave the diagnosis as "Intracranial hemorrhage probably from aneurysm or weak walled blood vessel with right hemplegia [*sic*], following head injury." The death certificate stated the cause of death as "Pneumonia developed during hospitalization following cerebral lesion with symptoms following an accidental fall." A witness who saw the employee fall testified that the employee slipped on a spot of water or oil. There was evidence that one of the nurses at the hospital removed a patch of oil from the employee's right leg. The Industrial Accident Board adopted the findings of the single member and found that the employee's death was due to a cerebral hemorrhage caused by slipping and falling, striking her head on a truck and suffering a physical injury which arose out of and in the course of her employment.

The principal contention of the insurer is that the employee's fall did not result from a hazard of the employment.

The employee was acting in the course of her employment

in going to the wash room for a pail of water. *Sundine's Case*, 218 Mass. 1. *Von Ette's Case*, 223 Mass. 56. *Hughes's Case*, 274 Mass. 540. *Nagle's Case*, 310 Mass. 193. The risk of falling against one of the trucks which flanked either side of the passageway was a risk that would be encountered by every employee whose duties brought her within the zone of this special danger. She would not have been exposed to this danger except for her employment, and the risk that she might accidentally fall against the truck was a hazard inherent in her employment. *Dow's Case*, 231 Mass. 348. *Hallett's Case*, 232 Mass. 49. *Sullivan's Case*, 241 Mass. 9. *Cusick's Case*, 260 Mass. 421. *Holmes's Case*, 267 Mass. 307. *Nagle's Case*, 310 Mass. 193. The fact that the board found, as it properly could upon the evidence, that she slipped upon the floor and in falling struck the truck only makes more clear the causal connection between the injury and the employment, *Bagley's Case*, 256 Mass. 593; *Sullivan's Case*, 265 Mass. 463, and distinguishes the case from *Cinmino's Case*, 251 Mass. 158, and *Rozek's Case*, 294 Mass. 205, upon which the insurer relies. These cases rest upon the principle that the fall of a workman upon a floor, which is not caused by the condition of the floor but is caused solely by his physical or mental condition which was not brought about by the strain of his employment, has not resulted in a compensable injury. *Lander* v. *British United Shoe Machinery Co. Ltd.* 26 B. W. C. C. 411. *Hansen* v. *Turner Construction Co.* 224 N. Y. 331.

The next contention of the insurer is that there was not sufficient evidence that the employee's fall produced a cerebral hemorrhage. The insurer offered no medical testimony. The employee's physician testified that in his opinion the fall caused a rupture of a blood vessel in the brain. He also testified that in the absence of an autopsy and with a history of weakened blood vessels his opinion would rest upon speculation and surmise, but it could be found that by speculation and surmise he meant that, after getting a history of an accident and making every possible examination of a patient who was unable to talk, he studied the facts and formulated an opinion. A reasoned conclusion

derived from observed facts by one having special scientific knowledge cannot as matter of law be said not to rise any higher than a guess or speculation. *Walker's Case*, 243 Mass. 224. *Blanchard's Case*, 277 Mass. 413. Apart from the medical testimony, the hospital records and the death certificate amply warranted a finding that death from a cerebral hemorrhage followed a head injury. These records could be fairly construed as doing more than stating the sequence of events. They could be reasonably understood to mean that the hemorrhage was caused by the head injury. If one was told that death followed an accident he would ordinarily understand that death was caused by the accident. At least a trier of fact could properly come to that conclusion. *Dunbar* v. *Ferrera Bros. Inc.* 306 Mass. 90, 94. *Taylor* v. *Metropolitan Street Railway*, 183 S. W. 1129, 1132. Moreover, the statement on the death certificate that the cause of death was a cerebral lesion "following an accidental fall" was prima facie evidence of the facts, recorded and the insurer was not entitled to have the words just quoted struck out. G. L. (Ter. Ed.) c. 46, § 19. *Shamlian* v. *Equitable Accident Co.* 226 Mass. 67. *Silva* v. *Fidelity & Casualty Co.* 252 Mass. 328. *Wolf's Case*, 285 Mass. 181. *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34. *Walcott* v. *Sumner*, 308 Mass. 413. *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205.

The diagnosis appearing in the hospital record that the employee was suffering from a "Cerebral hemorrhage (traumatic in origin)" was a description of her physical condition and a part of the medical history of the case. It defined the nature and type of the hemorrhage. It was properly admitted in evidence. *Leonard* v. *Boston Elevated Railway*, 234 Mass. 480. *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526. *Clark* v. *Beacon Oil Co.* 271 Mass. 27. There was, however, error in admitting that portion of one of the hospital records to the effect that the patient's husband had stated that she slipped upon a greasy floor. *Inangelo* v. *Petterson*, 236 Mass. 439. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 110, 111. *Commonwealth* v. *Dawn*, 302 Mass. 255, 261. But in view of the

testimony of the eyewitness that the employee slipped upon a spot of water or oil and of the nurse that she removed an oil stain from the employee's leg shortly after she was admitted to the hospital, the diagnosis of the employee's condition as stated in the record of the first hospital, the description of her condition as contained in the record of the second hospital and the cause of death set forth in the death certificate, the error in the admission of evidence is too unsubstantial to constitute an adequate ground for the reversal of the final decree. *Pigeon's Case*, 216 Mass. 51, 55. *Beckles's Case*, 230 Mass. 272, 274. *Sciola's Case*, 236 Mass. 407, 413. *Fernald's Case*, 240 Mass. 567. *Indrisano's Case*, 307 Mass. 520.

This is not a case where costs should be allowed under G. L. (Ter. Ed.) c. 152, § 14. See G. L. (Ter. Ed.) c. 152, § 11, as amended by St. 1939, c. 213.

*Decree affirmed.*