ALFRED D'AMATO ET AL. *v.* ROBERT J. JOHNSTON ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued May 6—decided June 9, 1953

*Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellants (plaintiffs).

*Martin E. Gormley,* for the appellees (defendants).

INGLIS, J.   In this action Alfred D'Amato sought to recover for personal injuries sustained in a collision between an automobile driven by him and a trailer truck owned by the defendant J. A. Garvey Transportation, Inc., and operated by the defendant Johnston.   The collision occurred on route 1 in the town of Orange on March 21, 1950.   The other plaintiff, Rachel Riccio, was the owner of the car driven by D'Amato and she sued for property damage to it. The answer denied the allegations of negligence and alleged contributory negligence, one specification of which was that D'Amato was driving while under the influence of intoxicating liquor.   The jury returned a verdict for the defendants and from the judgment rendered thereon this appeal has been taken.   The principal question is whether the court erred in admitting in evidence certain portions of D'Amato's hospital record which stated that he was intoxicated.

D'Amato was injured by the collision. He was admitted to the Grace-New Haven Community Hospital at 12:20 a.m. on March 22, about thirty-five minutes after the accident. The hospital record pertaining to D'Amato's stay in the hospital was offered in evidence by the defendants through the custodian, who testified that it was a record kept in the regular course of business at the hospital and that it was the regular course of the hospital business to make a record of the event at the time or within a reasonable time thereafter. The plaintiffs objected to the admission of the following excerpts, contained in the admission note made by an intern: "Pt.... intoxicated [and] denies accident .... Pt. does not remember details of accident [and] was probably unconscious for ? length of time [after] the accident .... In E[mergency] R[oom] pt. was garrulous; kept asking for his wife ...." Shortly after his admission, D'Amato was taken to the x-ray room. The roentgenographic report included the statement: "Pt. denies accident and is intoxicated." An operation to reduce fractures was performed at 2:15 a.m. A note thereon states: "Pt. withstood procedure well [and] returned to [room] in good condition. Intoxicated [with] ethanolic odor to breath throughout."

The defendants claimed that these entries in the hospital record were admissible under § 7903 of the General Statutes, relating to the admissibility of business entries, which is set forth in the footnote.[1]

---

[1] "Sec. 7903. ADMISSIBILITY OF BUSINESS ENTRIES. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time

The plaintiffs objected to the admission of the various statements concerning D'Amato's condition of intoxication because (1) the statute was not intended to apply to such entries and (2) the statements were hearsay and those persons who made them were not present in court to be subject to cross-examination. The court overruled the objection and the plaintiffs excepted.

Section 7903 is substantially identical with statutes adopted in a number of other jurisdictions, all of which stemmed from a report by a committee of the Commonwealth Fund of New York made in 1927. Another group of states have adopted the Uniform Act on Business Records, which was recommended in 1936 by the National Conference of Commissioners on Uniform State Laws and is designed to accomplish the same end. 5 Wigmore, Evidence (3d Ed.) p. 362. The cases are in considerable confusion as to the applicability of these statutes to various kinds of business entries, including hospital records. 6 Wigmore, op. cit., § 1707.

Connecticut, in line with most, if not all, jurisdictions which have similar statutes, is definitely committed to the proposition that hospital records are business entries under the statute. We so held in *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92, 99, 3 A.2d 224. It is there recognized, however, that the

---

thereafter. Such writing or record shall not be rendered inadmissible by (1) a party's failure to produce as witnesses the person or persons who made the writing or record, or who have personal knowledge of the act, transaction, occurrence or event recorded or (2) the party's failure to show that such persons are unavailable as witnesses. Either of such facts and all other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of such evidence, but not to affect its admissibility. The term 'business' shall include business, profession, occupation and calling of every kind."

application of the statute is confined to certain particular kinds of entries commonly found in such records. Courts in other jurisdictions have held various items appearing in hospital records inadmissible on the ground that they were not within the statute. In so far as the entries excluded are somewhat akin to those in question in the present case, the entries and the reasons for exclusion fall into three categories.

One group of cases holds that an entry which expresses an opinion, and particularly that of an expert, is not admissible, at least until the qualifications of the entrant to express the opinion and the facts upon which his conclusions are based have appeared in evidence. *Lane* v. *Samuels,* 350 Pa. 446, 450, 39 A.2d 626; *Stone* v. *Goodman,* 241 App. Div. 290, 297, 271 N.Y.S. 500. On this basis, in the *Lane* case, supra, the court excluded a portion of a hospital record which read: "Impressions . . . Acute and chronic alcoholic intoxication." This, however, is not the law in this state. The making of a diagnosis certainly involves the formulation of an expert opinion, and yet we have said that the entry in a hospital record setting forth the diagnosis of a patient's illness is an entry which is admissible. *Borucki* v. *MacKenzie Bros. Co.,* supra, 102. Moreover, under our law the statement that a person is intoxicated is not so much the expression of an opinion as it is the statement of a conclusion drawn from observation. "The condition of intoxication and its common accompaniments are a matter of general knowledge." *State* v. *Jones,* 124 Conn. 664, 667, 2 A.2d 374. The entries in the hospital record in the present case to the effect that D'Amato was intoxicated were not inadmissible on the ground that they were records of the entrant's opinion.

The second category of entries relating to intoxication which have been excluded by some courts includes those made upon the basis of information transmitted to the entrant through a volunteer who had no duty to communicate the information. An example of this is found in *Geroeami* v. *Fancy Fruit & Produce Corporation,* 249 App. Div. 221, 222, 291 N.Y.S. 837. In that case, the hospital record contained a description of the accident causing the patient's injury and recited that he "was intoxicated at the time." The entry was based on information given to the hospital employee by a bystander "who claimed he brought the man into the hospital." The entry was excluded on the authority of *Johnson* v. *Lutz,* 253 N.Y. 124, 170 N.E. 517, a leading case under a statute like § 7903.

The *Johnson* case held that so much of the report of a police officer as contained statements made to him by witnesses of an accident was not admissible under the statute. The court (p. 128), after referring to the fact that the officer was not present at the time of the accident but made his memorandum from hearsay statements of third persons who happened to be at the scene when he arrived, stated that the legislature in enacting the statute did not intend "to permit the receipt in evidence of entries based upon voluntary hearsay statements made by third parties not engaged in the business or under any duty in relation thereto." This accords with our law. To be admissible, the business record must be one based upon the entrant's own observation or upon information transmitted to him by an observer whose business duty it was to transmit it to him. The principle, however, does not render inadmissible the entries in question in the case at bar. It is apparent that those entries were made as a result of the direct observa-

tion of the admitting intern, the roentgenologist and the operating surgeon, respectively, all of whom were members of the hospital organization as distinguished from mere volunteers.

A third group of cases which at least affords some ground for an argument that the entries in question were inadmissible stems from *Palmer* v. *Hoffman,* 318 U.S. 109, 63 S. Ct. 477, 87 L. Ed. 645. In that case, it was held that a locomotive engineer's report to his employer concerning a grade crossing accident in which the plaintiff was injured was not admissible under the federal business entries statute. The decision rests upon the essential nature of the provision of the statute that the entry must be in the regular course of a business. The opinion points out (p. 111) that the business of the engineer's employer was the operation of a railroad. It goes on to say (pp. 113, 114) : "An accident report may affect that business in the sense that it affords information on which the management may act. It is not, however, typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls. The conduct of a business commonly entails the payment of tort claims incurred by the negligence of its employees. But the fact that a company makes a business out of recording its employees' versions of their accidents does not put those statements in the class of records made 'in the regular course' of the business within the meaning of the Act . . . . If the Act is to be extended to apply not only to a 'regular course' of a business but also to any 'regular course' of conduct which may have some relationship to business, Congress not this Court must extend it." In short, the case makes a distinction between entries which contain informa-

tion pertinent to and in aid of the conduct of the real business of the concern keeping the record and entries which are not pertinent to or in aid of that business.

The real business of a hospital is the care and treatment of sick and injured persons. It is not to collect and preserve information for use in litigation. Accordingly, even though it might be the custom of a hospital to include in its records information relating to questions of liability for injuries which had been sustained by its patients, such entries, under the doctrine of the *Palmer* case, supra, would not be made admissible by the statute unless they also contained information having a bearing on diagnosis or treatment. Recognition of this distinction has resulted in the exclusion of portions of hospital records in a number of cases. *New York Life Ins. Co.* v. *Taylor,* 147 F.2d 297, 300; *Ipsen* v. *Ruess,* 239 Iowa 1376, 1384, 35 N.W.2d 82; *Valenti* v. *Mayer,* 301 Mich. 551, 557, 4 N.W.2d 5; *Green* v. *Cleveland,* 150 Ohio St. 441, 443, 83 N.E.2d 63; *Leed* v. *State Workmen's Ins. Fund,* 128 Pa. Super. 572, 576, 194 A. 689. On the other hand, where the entry in a hospital record is pertinent to the care or treatment of a patient, it is admissible. *Caccamo's Case,* 316 Mass. 358, 362, 55 N.E.2d 614.

In the present case, therefore, the question is whether the fact that D'Amato was intoxicated when he entered the hospital was relevant to a proper diagnosis of his injuries and a proper treatment of them. The statute provides that an entry shall be admissible "if the trial judge shall find that it was made in the regular course of any business." This means that the relevancy of the entries concerning D'Amato's intoxication to the hospital's business was a preliminary question of fact for the trial judge

to decide. We may not interfere with the trial judge's decision unless it is one which he could not reasonably have reached. Obviously, his decision in this case was not unreasonable. *Reed* v. *Order of United Commercial Travelers,* 123 F.2d 252, 253; *Clark* v. *Beacon Oil Co.,* 271 Mass. 27, 28, 170 N.E. 836.

On the whole case, therefore, we conclude that the entries concerning D'Amato's intoxication contained in the hospital records are within the category of business entries made admissible in evidence by § 7903.

The second ground of objection of the plaintiffs, i.e., that the admission of the entries precluded them from cross-examining the persons who made the entries, has no merit. The statute expressly provides that business entries which are admissible under it shall not be rendered inadmissible by reason of the failure to produce as witnesses the persons who made them. It contemplates, therefore, that there need be no opportunity afforded to cross-examine those who made the entries if as a matter of fact the entries are admissible as business entries under its provisions.

The plaintiffs also assigned as error the admission of another portion of the hospital record at which a check mark appeared in a box labeled "No" opposite "Liab. Case." This item in the record was not called to the trial court's attention and no objection was made to its admission on the trial. Consequently, we do not consider this assignment of error. Practice Book § 155.

The assignments of error directed at the charge are without merit.

There is no error.

In this opinion the other judges concurred.