MARY E. HUTCHINSON *v.* ALFRED PLANTE, JR., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 15, 1977—decision released April 25, 1978

*Anthony P. Copertino, Jr.,* for the appellant (plaintiff).

*Frederick W. Christie,* for the appellees (defendants).

1

Longo, J.   This appeal concerns an automobile negligence action tried to a jury under the doctrine of comparative negligence.   In her complaint the plaintiff alleged the following: On or about January 4, 1974, at approximately 6 a.m., the plaintiff was driving her automobile on the Fairfield Avenue eastbound entrance ramp of the Connecticut turnpike in Bridgeport.   She entered the main travel portion of the turnpike and while proceeding in an easterly direction her automobile was struck in the rear by a vehicle owned by the defendant New Penn Company and negligently operated by its employee, the named defendant, Alfred Plante, Jr., causing her serious personal injuries.   The defendants denied negligence and pleaded contributory negligence.

Answering an interrogatory, the jury found that the plaintiff failed to prove negligence and proximate cause and returned a verdict for the defendants.   The plaintiff has appealed from the judgment rendered on the verdict, assigning error in a ruling admitting into evidence a police report of the accident and in the denial of her motion to set aside the verdict as contrary to the law and the evidence.

The plaintiff's evidentiary claim arose when defense counsel called a state police trooper as a witness and showed him a two-page police report of the accident signed with his name.   In voir dire examination the trooper testified that he recognized the report as his and recalled investigating the accident, but he had no independent recollection of the parties or his conversation with them or the facts of the accident; that it was the regular business of the state police to investigate and report on automobile accidents; and that the report was made in the regular course of business on the day of the

accident. After extensive arguments the plaintiff's objection to the admission of the report as a business entry was sustained. Subsequently the court, on its own initiative and outside the presence of the jury, questioned the plaintiff and the trooper further on the circumstances relating to the making of the report. The court reversed its prior ruling and admitted the report into evidence, ordering the deletion of references to the plaintiff's excessive speed. Counsel for the plaintiff emphatically excepted to the ruling.

We may briefly dispose of the plaintiff's contention that the trial court improperly assumed the role of advocate and assisted defense counsel when it questioned the two witnesses sua sponte. Whether a trial court elects to question a witness is within its sound discretion, as is the extent of the examination. Its exercise will not be reviewed unless it abused its discretion. *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 580, 102 A.2d 345; *State* v. *Cianflone,* 98 Conn. 454, 469, 120 A. 347; 3 Wigmore, Evidence (Chadbourn Rev.) § 784. We have examined the pertinent testimony printed in the appendices to the parties' briefs and are satisfied that in further questioning the witnesses the trial court was endeavoring only to bring out the facts in order to resolve a doubt it apparently had as to the admissibility of the report. It did not assume the role of advocate but acted reasonably and within its sound discretion so that justice might be done. *Goggins* v. *Fawcett,* 145 Conn. 709, 713, 147 A.2d 187.

Whether the report was properly admitted presents a more difficult question. In accordance with the provisions of Connecticut's business-entry stat-

ute, General Statutes § 52-180,[1] we have held that a police report of an accident generally is admissible as a business entry if it was made in the regular course of business, if it was the regular course of business to make such a report, and if the report was made when the accident occurred or within a reasonable time thereafter. *Mucci* v. *LeMonte,* 157 Conn. 566, 570, 254 A.2d 879. Those three requirements were satisfied here. That the trooper had no independent recollection of the accident or the parties is of no moment, so long as there was sufficient evidence for the court to find that the report met the statutory criteria. We have also said, however, that the fact that an accident report is generally admissible under § 52-180 does not require that everything in it be admitted into evidence. *Mucci* v. *LeMonte,* supra, 569.

An item in a business entry based on the entrant's own knowledge is an out-of-court declaration and therefore hearsay, but it is admissible because the statutory indicia of reliability are present. The accident report in question, which is before us as an exhibit, contains remarks about the parties, their vehicles, the weather, the road conditions and the like that apparently are based on the trooper's personal observations after he arrived at the scene of the accident. Those observations were properly admitted into evidence. *Mucci* v. *LeMonte,* supra, 568–69.

---

[1] "[General Statutes] Sec. 52-180. ADMISSIBILITY OF BUSINESS ENTRIES AND PHOTOGRAPHIC COPIES. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. . . ."

Items in a business entry not based on the entrant's personal knowledge add another level of hearsay; McCormick, Evidence (2d Ed.) § 310; and some exception to the hearsay rule must be found to justify their admission. A common exception is embodied in the business-entry statute itself, for information acquired by the entrant in the regular course of business includes information of others whose business duty it was to transmit it to the entrant. *Mucci* v. *LeMonte,* supra, 569; *D'Amato* v. *Johnston,* 140 Conn. 54, 59, 97 A.2d 893. As this principle applies to accident reports, the leading case of *Johnson* v. *Lutz,* 253 N.Y. 124, 170 N.E. 517, held that so much of a police officer's report as contained statements made to him by witnesses to an accident was not admissible under a statute like § 52-180 because they did not have a business duty to make the statements. We approved the rule of *Johnson* v. *Lutz* in *Mucci* v. *LeMonte,* supra, and *D'Amato* v. *Johnston,* supra.

It does not appear that the trooper talked to anyone other than the parties in reconstructing the accident for his report. The defendant urges that information obtained from participants in an accident is inherently more reliable than the statements of mere bystanders and should therefore be admissible under § 52-180. We disagree. Motor vehicle operators are not in the business of having accidents and have no business duty to give information to investigating officers. Their statements contained in a police accident report may not be admitted for the truth of the matters stated unless they qualify under some other exception to the hearsay rule, such as admissions. See *State* v. *Palozie,* 165 Conn. 288, 295, 334 A.2d 468.

The present case aptly illustrates the prejudicial consequences that can follow from a departure from this rule. Road conditions were snowy and icy on the morning of the accident. The plaintiff and her eyewitness testified that she entered the right lane of three lanes of eastbound traffic and her car fishtailed somewhat to the left. As she was straightening out, the defendants' tractor-trailer struck the left rear of her car. The defendant operator testified that when he first observed the plaintiff's car, it was sliding across the highway into the center lane, directly in his path. He struck it as he was braking and turning into the left lane in an effort to avoid a collision without causing his truck to jackknife or to flip over.

The trooper's report, in a section captioned "Describe What Happened," contains remarks and a diagram to the effect that, while accelerating, the plaintiff's car spun out of control and slid across the entire width of the highway from right to left, striking the guardrail and that the defendant New Penn Company's truck hit the plaintiff's car in the center lane as the car was sliding back across the highway fom left to right. The report bears the notation "Oral Statements," signifying that the diagram and description of the accident were based on the operators' statements. Neither the report nor the testimony at trial established which statements came from which operator. It is apparent that the trooper accepted and reported the defendant operator's version of the event. As to him the diagram and description of the accident were self-serving hearsay, since they tended to show either that he was not negligent in being unable to avoid the plaintiff's skidding car or that the plaintiff was negligent in accelerating and skidding out of control. This por-

tion of the report was inadmissible under General Statutes § 52-180 because the defendant operator had no business duty to make the statements. As it does not appear that the diagram and description of the accident fell within any other exception to the hearsay rule, they were erroneously admitted into evidence. This is not a case where the report contained many admissible items and counsel sought to shift to the court the burden of separating the admissible parts of the report from the inadmissible parts. Cf. *Mucci* v. *LeMonte,* 157 Conn. 566, 571, 254 A.2d 879. The only items in the report of significant evidentiary value, namely, the diagram and description of the accident, were hearsay and inadmissible.

We are unable to determine whether the court's error was subsequently corrected in its charge to the jury, since the charge was not certified to this court and printed in the parties' briefs in accordance with Practice Book, 1963, §§ 631A and 632A. Accordingly, there must be a new trial. This disposition of the appeal makes it unnecessary to consider the plaintiff's claim that the verdict should have been set aside as contrary to the law and the evidence.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.