JOSEPH A. LOVELY *v.* INGEBORG L. CAPLAN
(4740)

DUPONT, C. J., DALY and BIELUCH, Js.

Submitted on briefs April 3—decision released June 23, 1987

*Robert M. Axelrod* filed a brief for the appellant (plaintiff).

*Brian M. Gildea* filed a brief for the appellee (defendant).

DALY, J. The plaintiff instituted this action against the defendant to recover for injuries resulting from an accident at a traffic intersection involving the plaintiff's motorcycle and the defendant's automobile. The plaintiff has appealed from the refusal of the trial court to set aside the jury verdict rendered in favor of the defendant. The plaintiff's sole claim is that the trial court erred in admitting into evidence the investigating officer's sketch of the accident scene. We find no error.

The jury could reasonably have found the following facts. On October 3, 1978, the plaintiff was operating his motorcycle in a southerly direction on Cottage Street in Meriden. He was approaching the four-way stop sign intersection at Cottage and Liberty Streets. The defendant was proceeding in an easterly direction on Liberty Street. She stopped at the stop sign on Liberty Street before entering the intersection. She looked both ways, drove approximately ten feet into the intersection, and saw the plaintiff approach on her left at a high rate of speed and proceed through the stop sign and into the intersection. The defendant stopped her car immediately. The plaintiff hit the front end of her car, and then veered across the street and into a tree.

The plaintiff maintained that he had stopped for the stop sign and was approximately three-quarters of the

way through the intersection when he first saw the front end of the defendant's automobile one foot away from him. A Meriden police officer appeared at the scene to investigate the accident. He spoke to both parties and to the defendant's passenger and made a sketch of the scene. The plaintiff's objection to the admissibility of this sketch was overruled and is the heart of this appeal.

The plaintiff claims that the sketch was improperly admitted as a business entry under General Statutes § 52-180.[1] The plaintiff claims (1) that there was no dirt or debris remaining from which the police officer could have ascertained the point of impact; (2) that the defendant's automobile had been moved prior to the arrival of the investigating officer; and (3) that there were no skid or brake marks from the defendant's car. Thus, he maintains that the sketch was based on out-of-court statements made by the defendant and her passenger.

The police sketch shows a point of impact in the southwest quadrant of the intersection with the front of the defendant's motor vehicle impacting with the right side of the plaintiff's motorcycle which then traveled approximately eighty-nine feet in a southeasterly direction before striking a tree on the east side of Cottage Street.

"It is well established that although an accident report is generally admissible as a business record under General Statutes § 52-180, it does not necessarily follow that everything in the document must be admitted into evidence. See *Emhart Industries, Inc.*

---

[1] General Statutes § 52-180 provides in part: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any . . . occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the . . . occurrence or event or within a reasonable time thereafter."

v. *Amalgamated Local Union 376, U.A.W.,* 190 Conn. 371, 384–85, 461 A.2d 422 (1983); *Hutchinson* v. *Plante,* 175 Conn. 1, 4–5, 392 A.2d 488 (1978); *Mucci* v. *LeMonte,* 157 Conn. 566, 569, 254 A.2d 879 (1969). 'To be admissible under the business record exception of General Statutes § 52-180, "the business record must be one based upon the entrant's own observations or upon information transmitted to him by an observer whose business duty it was to transmit it to him." *D'Amato* v. *Johnston,* 140 Conn. 54, 59, 97 A.2d 893 (1953). Statements obtained from volunteers are not admissible though included in a business record because it is the duty to report in a business context which provides the reliability to justify this hearsay exception. Id. Information in a business record obtained from a person with no duty to report is admissible only if it falls within another hearsay exception. *State* v. *Palozie,* 165 Conn. 288, 295, 334 A.2d 468 (1973).' *State* v. *Sharpe,* 195 Conn. 651, 663–64, 491 A.2d 345 (1985)." *Schwarz* v. *Waterbury Public Market, Inc.,* 6 Conn. App. 429, 435, 505 A.2d 1272 (1986).

An item in a business entry based on the entrant's own knowledge is an out-of-court declaration and therefore hearsay, but it is admissible because the statutory indicium of reliability, the *duty* to report, is present. *Hutchinson* v. *Plante,* supra, 4.

In this case, the investigating officer had a duty to report his findings. He spoke to the parties and to the defendant's passenger about the accident. "Motor vehicle operators are not in the business of having accidents and have no business duty to give information to investigating officers." *Hutchinson* v. *Plante,* supra, 5. Likewise, passengers in automobiles involved in accidents are not under a business duty to give information to the police. Thus, "[t]heir statements contained in a police accident report may not be admitted for the truth of the matters stated unless they qualify under some

other exception to the hearsay rule . . . . " Id. Here, the sketch did not contain any statements by the parties or by the passenger. The plaintiff maintained, however, that the sketch was made from statements made by the defendant and her passenger.

The investigating officer testified that the sketch was "made from the physical evidence at the scene," and was based on the notes he took at the scene apart from what the parties and the passenger revealed to him. The officer examined the damage to both the motorcycle and the automobile, and the scrape marks left on the street by the motorcycle which slid along the pavement after the collision. In addition, he measured the distance between various points significant in the accident. The officer testified that at the time he made the diagram he knew the location of the point of impact. He explained that he ascertained the distance between the point of impact and the location of the plaintiff's motorcycle after the crash either from debris remaining in the intersection or the defendant's car remaining in the intersection. "I don't remember if I measured with the car there or if there was debris. I—when I took them, I had something there. If it was debris, it was debris. If it was a vehicle, it was the vehicle. I don't remember."

We conclude that the requirements of General Statutes § 52-180 had been satisfied in this case, and that it was proper for the sketch to be admitted into evidence. It was then up to the jury to consider the sketch and weigh it accordingly.

There is no error.

In this opinion the other judges concurred.