## BERNARD O'SHEA *v.* JEFFREY MIGNONE ET AL.
## (11522)

HEIMAN, FREEDMAN and SCHALLER, Js.

Argued June 9—decision released September 6, 1994

*Ernest F. Teitell,* with whom, on the brief, were *John D. Josel, Jonathan M. Levine* and *Jack Zaremski,* for the appellant (plaintiff).

*Peter J. Dauk,* with whom, on the brief, was *Lawrence F. Reilly,* for the appellees (defendants).

FREEDMAN, J. The plaintiff appeals from the judgment of the trial court in favor of the defendants,[1] Jeffrey Mignone and D.L. Petersen Trust, rendered after a jury trial in a negligence action. On appeal, the plaintiff claims that the trial court improperly (1) admitted two hearsay statements, (2) denied the plaintiff's request that a juror be excused for cause where that juror expressed a prejudice against police officers, and (3) instructed the jury to disregard the plaintiff's arguments that Mignone had imposed conditions on his submitting to hypnosis that were inconsistent with his denial of negligence. The defendants argue as an alternative ground for affirmance that the general verdict rule obviates review of the plaintiff's first and third claims. We reverse the judgment of the trial court.[2]

We first consider the defendants' claim that the general verdict rule precludes our review of two of the plaintiff's claims. In their answer, the defendants pleaded contributory negligence as a special defense. The defendants claim that because the jury returned a general verdict in their favor, all issues must be presumed to have been found in their favor. The defendants argue, therefore, that we must presume that the jury found that the plaintiff had caused his own injuries.

"The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no

---

[1] Jeffrey Mignone was the operator of the vehicle in question and D.L. Petersen Trust owned the vehicle.

[2] Because we reverse the judgment of the trial court on the ground that it improperly admitted hearsay statements, we need not reach the plaintiff's remaining claims.

party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . ." (Internal quotation marks omitted.) *Curry* v. *Burns,* 225 Conn. 782, 786, 626 A.2d 719 (1993). " 'A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury.' *Finley* v. *Aetna Life & Casualty Co.,* [202 Conn. 190, 203, 520 A.2d 208 (1987)]. It follows that where the court has denied a proper request for interrogatories . . . the general verdict rule does not apply so as to preclude appellate review of error relating to any ground upon which the jury may have rested its verdict and to which an appropriate interrogatory has been directed." *Pedersen* v. *Vahidy,* 209 Conn. 510, 514, 552 A.2d 419 (1989).

Here, the plaintiff submitted the following proposed interrogatories to the trial court. "1. Was [Mignone] driving the motor vehicle that struck the plaintiff? 2. Did the negligence of [Mignone] proximately cause the plaintiff's injuries? 3. Did the negligence of the plaintiff proximately cause his own injuries? 4. What percentage of negligence which proximately caused the plaintiff's injuries is attributable to each party? What is the percentage of negligence of the defendants on trial? What is the percentage of negligence of the plaintiff? 5. What sum of money would you award to justly compensate the plaintiff for all his damages which have resulted from injuries he sustained in this accident?" The trial court determined that such interrogatories were not helpful to the jury and denied the plaintiff's request to submit them to the jury. The defendants did not claim that the interrogatories were improper nor did the trial court find them to be improper. We conclude, therefore, that the trial court's refusal to submit the interrogatories to the jury prevents the application of the general verdict rule in this case, and,

therefore, we address the merits of the plaintiff's claims. See id.

The following facts are necessary for the resolution of this appeal. On May 10, 1986, the plaintiff was struck by a hit-and-run driver as he walked across West Putnam Avenue in Greenwich. As a result of the accident, the plaintiff suffered multiple injuries. There were at least five eyewitnesses to the accident.

Mignone testified that he had witnessed the accident and that at the time of the accident he was driving a silver, four-door 1985 Oldsmobile Cutlass Supreme. He further testified that a small two-door, red, "boxy" foreign car with black bumpers and square, horizontal rear lights struck the plaintiff, and then continued on, stopping approximately 100 yards from the scene. Mignone also testified that he stopped his car alongside the red car and watched the driver of the red car, a woman, get out and run back toward the scene. According to Mignone, the driver was "hysterical" and "upset." Mignone then left the scene.

At trial, five eyewitnesses testified as to their observations at the scene of the accident. One of the witnesses, Marie Levesque, testified that at the scene she mistakenly had told the police that she believed the car that struck the plaintiff was red in color, but that two days later she expressed reservations about her prior description of the color of the car. The remaining witnesses testified either that the car that struck the plaintiff was light in color or that they had not seen the car.

While cross-examining Sergeant Richard Taracka,[3] the defendants attempted to enter into evidence the police report of the Greenwich police department as an exhibit. The plaintiff objected to two statements con-

---

[3] Taracka is a Greenwich police officer who became involved in the investigation of this accident two days after its occurrence.

tained in the police report on the ground that they were inadmissible hearsay not within an exception. Both statements subsequently were admitted into evidence by the trial court.

"A police report generally is admissible as a business record under General Statutes § 52-180. *State* v. *Sharpe,* 195 Conn. 651, 663, 491 A.2d 345 (1985). To qualify under this statute the report must be based entirely upon the police officer's own observations or upon information provided by an observer with a business duty to transmit such information. Id.; *D'Amato* v. *Johnston,* 140 Conn. 54, 59, 97 A.2d 893 (1953). For example, a report prepared by an officer in charge of an accident investigation is admissible in its entirety, despite the fact that it contains information received from other officers assisting in the investigation. Such a report is not admissible, however, if it contains information furnished by a mere bystander. Information obtained from a person with no business duty to report is admissible only if it falls within some other hearsay exception. *State* v. *Sharpe,* supra, 663–64; *State* v. *Palozie,* 165 Conn. 288, 295, 334 A.2d 468 (1973)." *In re Jesus C.,* 21 Conn. App. 645, 652–53, 575 A.2d 1031, cert. dismissed, 216 Conn. 819, 581 A.2d 1055 (1990); see also *Emhart Industries, Inc.* v. *Amalgamated Local Union 376 UAW,* 190 Conn. 371, 385, 461 A.2d 422 (1983).

The first statement from the police report that the plaintiff claims was improperly admitted is as follows: "[Greenwich police department] patrols advised to be watchful for any vehicle . . . [s]mall in size, having rectangular tail-lights, and believed to be Red in color." The information contained in the statement regarding the description of the car was based on Levesque's statement to the police about which she later expressed reservation. Levesque was simply a bystander to the accident and was under no business duty to report any

information to the police. Her statement to the police does not qualify as a business record under that exception to the hearsay rule and is admissible only if it falls within some other hearsay exception. See *State* v. *Sharpe,* supra, 195 Conn. 663–64; *State* v. *Palozie,* supra, 165 Conn. 295; *In re Jesus C.,* supra, 21 Conn. App. 652–53.

The ground on which the trial court overruled the plaintiff's objection to the admission of this statement is not clear from the trial transcript. The defendants assert that the statement was admitted for the sole purpose of explaining the subsequent actions of the police officers. The plaintiff objected at trial on the ground that the statement constituted hearsay not within an exception and that the subsequent actions of the police officers were not relevant in the case. The trial court then gave the jury a cautionary instruction,[4] instructing that the statement should not be considered for its truth but only to explain the action taken by the police officers. We, therefore, presume that the trial court found that the hearsay statement was admissible as nonhearsay because its purpose was to show the effect on the police officers who heard the statement. See C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 11.3.3.

"Statements admitted to show the effect on the hearer are not hearsay, but they should not be admitted for that purpose unless it is clear that the hearer's state of mind or subsequent conduct is relevant. *State* v. *Robinson,* 213 Conn. 243, 257–59, 567 A.2d 1173 (1989)." C. Tait & J. LaPlante, supra, (1993 Sup.) § 11.3.3.

---

[4] The court instructed the jury as follows: "Let me say that the testimony that you just heard under our rules cannot be considered for the truth that there was a car of that description at the time of the accident but can be considered for action taken by the police and I will have further comment when it comes appropriate at the end of the case as to the point that I just described."

"Trial courts have broad discretion in determining the relevancy of evidence. *State* v. *Piskorski,* 177 Conn. 677, 695, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979). 'Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. Evidence is admitted, not because it is shown to be competent, but because it is not shown to be incompetent. No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the teachings of reason and judicial experience.' . . . *State* v. *Schaffer,* 168 Conn. 309, 317, 362 A.2d 893 (1975), quoting *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82, 291 A.2d 715 (1971)." *State* v. *Sharpe,* supra, 195 Conn. 659.

The issue in this case was whether Mignone was operating the car that hit the plaintiff. The subsequent actions of the police were not at issue in the case, nor would the subsequent actions of the police aid the trier in determining whether Mignone was operating the car that struck the plaintiff. Because the subsequent actions of the police were not relevant to an issue in the case, evidence demonstrating those actions is inadmissible. We conclude, therefore, that the trial court improperly admitted the statement from the police report on the basis of Levesque's statement to the police.

The defendants claim that the cautionary instruction cured the trial court's improper evidentiary ruling. Because we conclude that the subsequent actions of the police officers were not relevant, the curative instruc-

tion that allowed the evidence to be considered "for action taken by the police" could not cure the improper evidentiary ruling.

The second statement from the police report that the plaintiff claims was improperly admitted is as follows: "The subject, who is known by this officer and did not want his name used related that he also observed a red colored vehicle, small in size parked in the last parking space on the North side of West Putnam Avenue just East of Deerfield Drive. . . . The subject identified the vehicle as being small, possibly a Volkswagen, Reddish in color and fairly new."

During Taracka's testimony, the defendants attempted to introduce this statement by reading the portion of the police report that contained the statement. Taracka testified that William P. Connors, a special police lieutenant with the Greenwich police department, was the unidentified witness. Outside the presence of the jury, Connors testified that he was not present at the scene of the accident nor had he given any statement to the police regarding the accident. Taracka then testified that he was not 100 percent positive that Connors was in fact the unidentified witness. He said that two days after the accident, at 7:30 a.m., he went to State Line Tire Company to inquire about a red car parked in front of the building. While there, he spoke with the employee who made the statement that was in the police report. Taracka further stated that "Connors was the only person that [he] knew at State Line Tire. And being over such a period of time, which was [his] mistake, [he] assumed that it was [Connors] that [he] talked with." Connors testified that he had previously worked at State Line Tire Company but that his employment there ended in 1981. The accident took place in 1985. In addition, he testified that he had never been at State

Line Tire Company at 7:30 a.m., because, at the time he was employed there, he worked the shift that began at 9:00 a.m.

At the conclusion of this testimony, the trial court ruled that the statement was not admissible as a business record at that time. In the presence of the jury, the defendants' counsel questioned Taracka regarding the statement in the police report and read the statement out loud to Taracka. The plaintiff objected to the defendant reading from a document not in evidence. The trial court ruled that it would not allow the police report itself into evidence but that it would allow the reading of the statement from the police report because it assumed that the statement would meet the catch-all exception to the hearsay rule. The trial court further stated that "[the] ruling was based on what [it] thought was going to transpire to the effect that Mr. Connors was going to take the stand and deny that he made the statement that the defendant read into the record. And then [it] thought it was coming in as an exception to the hearsay rule."

The trial court later ruled that Connors was under a duty to relate information to the police. It appears that the trial court ruled that the statement satisfied the business record exception. We will review this claim as though the trial court admitted the hearsay statement under both the business record exception and the catch-all exception to the hearsay rule.

It is clear that this statement does not satisfy the requirements of the business record exception because in order for that to be the case there must be a finding that the person who made the statement had a duty to report it. It is within the trial court's discretion to determine whether the requirements of the statute have been met. *Shuchman* v. *State Employees Retirement Commission,* 1 Conn. App. 454, 457–58, 472 A.2d

1290 (1984). Here, Connors testified that he was certain he had never given such a statement to the police, and Taracka conceded that he was not certain that it was in fact Connors who gave him the statement. Because the identity of the witness could not be determined, the trial court should not have found that the witness had a duty to report such information. See *State* v. *Milner,* 206 Conn. 512, 521, 539 A.2d 80 (1988); but see *Shuchman* v. *State Employees Retirement Commission,* supra, 1 Conn. App. 458–59 (where informant was most likely in class of persons having duty to report such information, it was not necessary to prove their specific identity). There is no evidence tending to show that the unidentified witness belonged to a particular class of persons, much less a class having a duty to report observations of an accident. The trial court, therefore, improperly allowed the statement into evidence under the business record exception to the hearsay rule.

With respect to the trial court's ruling that the statement was admissible under the catch-all or residual exception to the hearsay rule, we conclude that this exception also is not applicable. "This exception admits into evidence statements that are technically hearsay and which do not fit within any traditional exception. *State* v. *Sharpe,* [supra, 195 Conn. 664]; *State* v. *Stepney,* 191 Conn. 233, 249–50, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984); C. Tait & J. LaPlante, supra, [2d Ed. 1988] § 11.25. Such statements are admissible provided that (1) there is a reasonable necessity for admission, and (2) there is an adequate basis to believe the statements are as reliable and trustworthy as other admissible hearsay. *State* v. *Sharpe,* supra, 665.

"The necessity prong is met when the facts in the statement will be lost unless admitted as hearsay, either because the declarant is unavailable or because there

is no equally probative alternative source. Id.; *In re Jason S.,* 9 Conn. App. 98, 106, 516 A.2d 1352 (1987); 5 Wigmore, Evidence (Chadbourn Rev. 1974) § 1421. The statement must also contain information necessary to the resolution of the case. *State* v. *Erhardt,* 17 Conn. App. 359, 368, 553 A.2d 188 (1989)." *State* v. *Dollinger,* 20 Conn. App. 530, 539, 568 A.2d 1058, cert. denied, 215 Conn. 805, 574 A.2d 220 (1990).

We conclude that the reliability prong of the test was not met because the "statement was not imbued with guarantees of reliability and trustworthiness sufficient to support its admission." *State* v. *Outlaw,* 216 Conn. 492, 499, 582 A.2d 751 (1990). First, the witness "was not 'a witness at the trial and available for cross-examination.' [*State* v. *Sharpe,* supra, 195 Conn.] 665. Cross-examination, 'the greatest legal engine ever invented for the discovery of truth,' was therefore absent in this case with respect to the [unidentified witness' observation of the accident]. 5 J. Wigmore, Evidence (Chadbourn Rev. 1974) § 1367, p. 32." *State* v. *Outlaw,* supra, 499; see also *State* v. *Oquendo,* 223 Conn. 635, 668, 613 A.2d 1300 (1992).

In addition, the record does not include any information that would enable the court to determine the trustworthiness and reliability of the statement of the anonymous witness. The trial court, therefore, improperly admitted the hearsay statement under the catchall or residual exception to the hearsay rule.

Having concluded that the trial court improperly admitted both hearsay statements, we must next determine whether the improper rulings were harmful and thus require our reversal of the trial court's judgment. "We have often stated that before a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . When determining that

issue in a civil case, the standard to be used is whether the erroneous ruling would likely affect the result." (Citations omitted; internal quotation marks omitted.) *Swenson* v. *Sawoska,* 215 Conn. 148, 153, 575 A.2d 206 (1990).

The defendants claim that, even if we assume that the two hearsay statements were admitted improperly, the evidence was merely cumulative and its admission would not constitute reversible error. We do not agree. The only evidence supporting Mignone's claim that a red car hit the plaintiff was his own testimony and the two improperly admitted hearsay statements. Without the two improperly admitted statements, there was no evidence other than Mignone's own testimony to support the defendants' theory of the case. We conclude, therefore, that the admission of the two statements was harmful and requires our reversal of the judgment of the trial court.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.