[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#106)
The plaintiff, Emily Kershner, brings this action to recover for injuries sustained as a result of a motor vehicle accident. Named as defendants are Robert Conover, the operator of the vehicle that allegedly collided with the plaintiff's vehicle, and Conover Production Services, the owner of the vehicle. In a complaint filed on March 2, 1995, the plaintiff alleges that on October 27, 1993, the defendants' vehicle struck the rear of the plaintiff's vehicle while the plaintiff was lawfully stopped at a traffic light. The plaintiff alleges that the defendant operator was negligent in that: (1) he was following too closely to the plaintiff's vehicle; (2) he was travelling at an unreasonable rate of speed; (3) he failed to obey an overhead stop light; and (4) he was operating a vehicle with defective brakes in violation of General Statutes § 14-80h.
On July 17, 1995, the plaintiff filed a motion for summary judgment (#106) as to liability, supported by a memorandum of law, an affidavit and a copy of the police accident report. The plaintiff moves for summary judgment on the ground that the defendant operator was negligent per se because his brakes failed when he tried to stop in violation of § 14-80h. On August 15, 1995, the defendants filed a memorandum in opposition. CT Page 12556-L
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ."Miller v. United Technologies Corp. , 233 Conn. 732, 744-45, ___ A.2d ___ (1995). "Summary judgment procedure `is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ."Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194,198, 319 A.2d 403 (1972).
In support of her motion the plaintiff argues that the defendant operator's admission that his brakes were ineffective necessitates a finding of negligence per se. In other words, the plaintiff contends that the defendant operator's admission establishes a violation of § 14-80h upon which the court may conclude that the defendant was negligent as a matter of law and fact.
Section 14-80h(a) provides in pertinent that "[e]ach braking system, including any power assist devices used to reduce operator braking effort, shall be maintained in good working order at all times." "[T]he liability of an operator would arise if at any time his brakes ceased to be in good working order without regard to negligence on his part."Madison v. Morovitz, 122 Conn. 208, 214, 188 A.2d 665 (1936). "[A] failure to have a motor vehicle provided with brakes adequate safely to control its movement or to maintain them at all times in good working order is negligence per se whether or not the defect is due to any negligence on the part of the owner or operator." Smith v. Finkel, 130 Conn. 354, 359, 34 A.2d 209
(1943). CT Page 12556-M
In moving for summary judgment the plaintiff relies upon a statement made by the defendant operator, in the presence of both the plaintiff and the investigating officer, which was paraphrased in the police accident report. The defendant operator allegedly stated to the investigating officer that he collided with the plaintiff's vehicle because his brakes failed.
In analyzing the parties' evidence the court notes that "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § 381." Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202-03, ___ A.2d ___ (1995). "A police report generally is admissible as a business record under General Statutes § 52-180." O'Shea v. Mignone, 35 Conn. App. 828,832, 647 A.2d 37 (1994).[1] See also Hutchinson v. Plante,175 Conn. 1, 4, 392 A.2d 488 (1978). Nevertheless, this rule does not automatically allow everything in a police report into evidence. Emhart Industries, Inc. v. Amalgamated Local Union376, U.A.W., 190 Conn. 371, 384, 461 A.2d 422 (1983). To qualify as a business record under § 52-180, "[t]he report must be based entirely upon the police officer's own observations or upon information provided by an observer with a business duty to transmit such information." O'Shea v. Mignone, supra, 35 Conn. App. 832. "[E]xcept for the portion of the police report containing the personal observations of the police officer," unsworn statements of witnesses and parties recorded in the police report constitute hearsay which cannot be relied upon to support a motion for summary judgment. Fogarty v. Rashaw,193 Conn. 442, 444, 476 A.2d 582 (1984). "Information obtained from a person with no business duty to report is admissible only if it falls within some other hearsay exception." O'Shea v.Mignone, supra, 35 Conn. App. 832. This second level of hearsay "necessitates a separate exception to the hearsay rule in order to justify its admission." Emhart Industries, Inc. v.Amalgamated Local Union 376, U.A.W., supra, 190 Conn. 384-85.
The plaintiff argues that the defendant operator's statement with respect to his brakes constitutes an admission by a party-opponent against his interest. The portion of the police accident report upon which the plaintiff relies provides in pertinent part:
 Driver #1 [defendant] stated his brakes gave out and could not stop and thus struck #2 [plaintiff]. Driver CT Page 12556-N #1 [defendant] stated he had no other choice but to strike #2 [plaintiff]. Driver [defendant] stated his brakes went to the floor. Officer checked #1's [defendant's] brake system pushed down on [pedal] and it did not go to the floor.
The plaintiff also attests that subsequent to the accident, the defendant operator stated that he collided with the plaintiff's vehicle because his brakes failed. (Plaintiff's affidavit, ¶ 6.)
While the defendant operator's statement in the police accident report may constitute an admission, it is not conclusive as to his negligence. Jacobs v. Goodspeed, 180 Conn. 415,419, 429 A.2d 915 (1980). Such an admission constitutes an evidentiary admission, or "evidence to be accepted or rejected by the trier." C. Tait J. LaPlante, Handbook of Connecticut Evidence (2d Ed. 1988) § 6.5, p. 132. It does not constitute a judicial admission which relieves the plaintiff from the burden of presenting evidence on the fact admitted by the defendant.Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 199,286 A.2d 308 (1971). "Where evidence is introduced showing an apparent admission of a party out of court, he is entitled to explain the circumstances so that the trier can properly evaluate it. . . ."Kucza v. Stone, 155 Conn. 194, 198, 230 A.2d 559 (1967).
Upon review of the police report, the defendant operator's admission (i.e., that his brakes failed because when he depressed the brake pedal it went down to the floor) is contradicted by the investigating officer's statement that he checked the brakes in the defendants' vehicle and found that when he pushed the brake pedal, it did not go down to the floor. This contradiction creates a genuine issue of material fact for the trier of fact. Furthermore, despite the defendant operator's evidentiary admission that his brakes failed, the plaintiff has failed to present evidence with respect to the fact admitted by the defendant operator. Specifically, the plaintiff has failed to present evidence which establishes that the collision was proximately caused by brake failure in the defendants' vehicle. "A plaintiff must remove the issues of negligence and proximate cause from the field of conjecture and speculation." O'Brien v. Cordova, 171 Conn. 303, 306,370 A.2d 933 (1976). The plaintiff has failed to do so.
The court denies the plaintiff's motion for summary judgment. CT Page 12556-O
BALLEN, JUDGE